**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHRISTOPHER  W. LEONARD,<br>                    Appellant, | DOCKET NUMBER<br>AT-0752-21-0185-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>                    Agency. | DATE: April 23, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vicki S. Fuller, Redstone Arsenal, Alabama, for the appellant.

Katherine Yourth, Esquire, Richmond, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension following the interim suspension of his access to classified information and/or assignment to duties designated national security sensitive.  On petition for review, the appellant argues the following:  (1) his position did not require a security clearance; (2) the agency should have reassigned him to a nonsensitive position; and (3) the administrative judge failed

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

to address his claims regarding discrimination, equal employment opportunity (EEO) reprisal, and a hostile work environment. Petition for Review (PFR) File, Tab 1 at 4-5, Tab 4 at 3. The appellant also references a prior indefinite suspension imposed by the agency. PFR File, Tab 1 at 5. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

An indefinite suspension lasting more than 14 days is an adverse action appealable to the Board under 5 U.S.C. § 7513(d). 5 U.S.C. § 7512(2); *Palafox v. Department of the Navy*, 124 M.S.P.R. 54, ¶ 8 (2016). An agency may indefinitely suspend an appellant when his access to classified information has been suspended and he needs such access to perform his job. *Palafox*, 124 M.S.P.R. 54, ¶ 8. In such a case, the Board lacks the authority to review the merits of the decision to suspend the employee's access. *Id.* Instead, the Board will only review whether (1) the appellant's position required access to classified information, (2) his access to classified information was suspended, and (3) he was provided with the procedural protections specified in 5 U.S.C. § 7513. *Id.* The Board will also consider whether the agency provided the appellant with

minimum due process in taking the indefinite suspension action and whether the agency provided the procedural protections required under its own regulations. *Id*.

The appellant challenges the administrative judge's conclusion that his position required a security clearance. PFR File, Tab 1 at 5. To this end, he avers that his position was merely designated noncritical sensitive. *Id*. The appellant's unsubstantiated disagreement with the administrative judge's conclusion regarding the requisite security clearance for his position, however, does not provide a basis to disturb the same. *See Riggsbee v. Office of Personnel Management*, 111 M.S.P.R. 129, ¶ 11 (2009) (explaining that an appellant's mere disagreement with the administrative judge's explained factual findings and legal conclusions therefrom does not provide a basis to disturb the initial decision). Moreover, the appellant concedes that his position was designated noncritical sensitive, and the agency's action here was premised on his suspension from access "to classified information *and/or assignment to duties designated national security sensitive*." Initial Appeal File (IAF), Tab 4 at 16, 20, 40 (emphasis added); *see Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶¶ 4, 8 (2014) (sustaining a charge based on the denial of eligibility to occupy a sensitive position when the appellant's position was designated noncritical sensitive and he was denied eligibility to occupy a sensitive position). Thus, a different outcome is not warranted.

The appellant argues that, following the interim suspension of his access to classified information and/or assignment to duties designated national security sensitive, the agency should have reassigned him to a nonsensitive position in lieu of indefinitely suspending him. PFR File, Tab 1 at 5, Tab 4 at 3. To this end, he asserts that he "believe[s] that [the a]gency ha[s reassigned] other employees who had security clearance issues." PFR File, Tab 1 at 5. The Board may consider whether an agency has a formal policy requiring reassignment and, if so, whether a position to which an appellant could have been reassigned existed. *See*

*Blagaich v. Department of Transportation*, 90 M.S.P.R. 619, ¶ 16 (2001), *aff'd*, 63 F. App'x 476 (Fed. Cir. 2003). Here, however, the appellant's apparent belief that a policy existed does not provide a basis to disturb the administrative judge's conclusion, based on witness testimony, that the agency did not have a formal reassignment policy. IAF, Tab 19, Initial Decision (ID) at 4; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301-02 (Fed. Cir. 2002) (explaining that, when an administrative judge's credibility findings are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). Thus, the appellant's assertion regarding reassignment is unavailing.[2]

The appellant contends that the administrative judge erred by failing to consider his allegations regarding discrimination, EEO reprisal, and a hostile work environment. PFR File, Tab 1 at 5, Tab 4 at 3. We disagree. Indeed, as correctly set forth in the initial decision, ID at 4 n.3, the Board is not permitted to adjudicate whether an adverse action premised on the revocation of access to classified information constitutes impermissible discrimination or reprisal, *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 18 (2014). Thus, a different outcome is not warranted.

Last, the appellant references a prior, rescinded suspension action taken by the agency and seemingly alleges that the agency failed to properly cancel this prior action before initiating the subject action. PFR File, Tab 1 at 5. This vague allegation, however, does not provide a basis to disturb the initial decision. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge and concluding that the

_____

[2] To the extent the appellant argues that the agency's purported reassignment of other employees is indicative of disparate treatment, the Board lacks the authority to consider his argument.

appellant's petition contained neither evidence nor argument demonstrating error by the administrative judge).

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:         _____
                                          Gina K. Grippando
                                          Clerk of the Board

Washington, D.C.